IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-110-FL

| | |
|---|---|
| JANICE R. STOKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 22, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand for further proceedings. Defendant timely filed an objection to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts in part and rejects in part the recommendation of the magistrate judge and affirms the decision of the Commissioner.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning March 2, 2006. Her application was denied initially and upon reconsideration. A hearing was held on September 15, 2011, before an Administrative Law Judge ("ALJ"), at which hearing plaintiff amended her alleged onset date to January 1, 2008. In a decision

dated April 5, 2012, the ALJ determined that plaintiff was not disabled during the relevant time period, from January 1, 2008, through her date last insured (DLI), December 31, 2008. The appeals council denied plaintiff's request for review on March 21, 2013, and plaintiff filed the instant action on May 24, 2013.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

2

explanation for adopting the M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(B).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation.  At step one, the ALJ found that plaintiff was no longer engaged in substantial gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post cervical spine fusion, mild bilateral carpal tunnel syndrome, and bursitis of the right knee.  The ALJ also determined that plaintiff had a non-severe impairment of allergic rhinitis.  However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations.  Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations:

3

> lift, carry, push and/or pull 10 pounds occasionally and small objects, such as files, ledgers and small tools, frequently; sit 6 hours and stand/walk a total of 2 hours out of an 8 hour day with normal breaks and a sit/stand option at the work station every 30 minutes to 1 hour; occasionally climb ramps and stairs, stoop and kneel, but never climb ladders, ropes or scaffolds, balance for safety, such as on dangerous or slippery surfaces, crouch, crawl or work around hazards, such as unprotected heights or dangerous moving machinery; occasionally reach overhead and frequently reach out, and frequently handle and finger bilaterally. To account for any decreased concentration resulting from pain, [plaintiff] was limited to performing simple, routine, repetitive tasks.

(Tr. 15). In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded plaintiff was not capable of performing her past relevant work. At step five, upon considering testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B.     Analysis

Plaintiff argues that the ALJ erred in three respects: (1) the ALJ failed to address the opinion of plaintiff's treating neurosurgeon, Dr. Melin, (2) the ALJ failed to evaluate properly the opinion of plaintiff's primary care physician, Dr. Thomas, and (3) the ALJ failed to discuss the credibility and weight that she gave to the written and testimonial evidence given by plaintiff's husband. The M&R determined that the first argument warranted remand, and that plaintiff's second and third arguments were without merit. Defendant objects to the determination in the M&R that plaintiff's first argument warrants remand. The court, accordingly, addresses plaintiff's first argument de novo and the recommended disposition of plaintiff's second and third arguments for clear error.

4

1. Dr. Melin

On February 21, 2011, Dr. Melin stated the following in a treatment note:

> From a disability standpoint, [plaintiff] has asked me to draw up a letter regarding her disability status. Given her subjective complaints, her surgeries, and her studies, I feel it is likely [plaintiff] will not be able to return back to gainful employment. She may, in fact, require a functional capacity evaluation; however, I will assist her with this paperwork. She will acquire this paperwork, and I will make sure that my notes are concomitant with Ms. Erica Christensen's.

(Tr. 723). Plaintiff argues that the ALJ erred by failing to address in particular the portion of Dr. Melin's treatment note where he states: "given her subjective complaints, her surgeries, and her studies, I feel it is likely [plaintiff] will not be able to return back to gainful employment." (Id.). Plaintiff contends that the ALJ needed to make specific findings regarding the weight she accorded to this treating physician opinion, and that failure to do so requires remand.

When making an RFC assessment, an ALJ "must always consider and address medical source opinions." SSR 96-8p, 1996 WL 374184, at *7. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Id. The Social Security regulations, however, "draw[] a distinction between a physician's medical opinions and his legal conclusions." Morgan v. Barnhart, 142 F. App'x 716, 721 (4th Cir. 2005). "Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [plaintiff's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [plaintiff] can still do despite impairment(s), . . . and [plaintiff's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). "Legal conclusions, on the other hand, are opinions on issues reserved to the ALJ, such as 'statements[s] by a medical source that [a plaintiff is] 'disabled' or 'unable to

5

work.'"" Morgan, 142 F. App'x at 722 (quoting 20 C.F.R. § 404.1527(e)(1) (2004) (now § 404.1527(d)(1) (2014)).

"While the ALJ must give a treating physician's medical opinions special weight in certain circumstances, the ALJ is under no obligation to give a treating physician's legal conclusions any heightened evidentiary value." Id. (internal citations omitted); see Melvin v. Astrue, 602 F. Supp. 2d 694, 699 (E.D.N.C. 2009) (same); 20 C.F.R. § 404.1527(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commission"). Still, a treating physician's legal conclusions "must never be ignored, and . . . the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)." SSR 96-5p, 1996 WL 374183, at *1; see Morgan, 142 Fed. App'x at 722 (citing SSR 96-5p, 1996 WL 374183); Melvin, 602 F.Supp. 2d at 699.

In addition, an ALJ has a duty to explain the decision so as to enable meaningful judicial review. "While the [Commissioner] is empowered . . . to resolve evidentiary conflicts, the [Commissioner], through the ALJ, is required to explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)). In particular, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7. A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." Gordon, 725 F.2d at 236. "[R]emand is appropriate where an ALJ

6

fails to discuss relevant evidence that weighs against [her] decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy, 810 F.2d at 438).

In this case, Dr. Melin's opinion comprised a legal conclusion reserved to the Commissioner, because it stated Dr. Melin's view about plaintiff's ability to return to work, § 404.1527(d)(1), without including statements "about the nature and severity of [plaintiff's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [plaintiff] can still do despite impairment(s), . . . and [plaintiff's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Indeed, Dr. Melin expressly reserved evaluation of plaintiff's "functional capacity," and noted that he would need to "make sure that [his] notes are concomitant with Ms. Erica Christensen's," a physician's assistant who provided pain management care for plaintiff. (Tr. 723; see Tr. 397-402; 386-393). Accordingly, the ALJ was not required to give any weight to the opinion of Dr. Melin.

The ALJ, nonetheless, was required to consider Dr. Melin's opinion, and to explain the consideration given to Dr. Melin's opinion. Under the circumstances of this case, the discussion in the ALJ's opinion is sufficient to meet this standard to enable meaningful review. In particular, the ALJ reasoned:

> The undersigned notes that the claimant submitted multiple medical records for the period following the date last insured, which suggest a progression of symptoms. However, these records are not relevant to the claimant's current claim for disability as they are for the time period following the claimant's date last insured and show a worsening of the claimant's symptoms after the acute trauma of her fall in May 2009. (Exhibit l0F, page 16).

(Tr. 19). The ALJ included this passage in a section of the decision noting the ALJ's consideration of "opinion evidence," (Tr. 18), and immediately following discussion of Dr. Thomas' opinion and the treatment notes and opinion of Ms. Christensen and other providers at Coastal Rehabilitation Medical Associates. (Tr. 18-19). Earlier in the ALJ's decision, the ALJ similarly addressed evidence related to the period following May 2009:

> The medical evidence of record indicates that the claimant experienced an increase in pain in May 2009 following a fall in the shower, and an inability to continue house cleaning work activity around September 2009 (Exhibit 10F). However, this occurred after the claimant's date last insured and nothing in the medical record, as discussed in detail above, shows an inability to perform the range of sedentary work described above prior to her date last insured of December 31, 2008.

(Tr. 18). Although the ALJ did not specifically reference Dr. Melin's February 2011 opinion, these passages demonstrate that the ALJ determined that the opinion was not probative because it, in combination with other medical records post-dating plaintiff's fall in May 2009, did not relate to the period of time of plaintiff's alleged disability. These findings must be upheld because they "were supported by substantial evidence and were reached through application of the correct legal standard." Craig, F.3d at 589.

In particular, with respect to the legal standard, "[t]o establish eligibility for Social Security disability benefits, a claimant must show that he became disabled before his DLI." Bird v. Commissioner of Soc. Sec., 699 F.3d 337, 340 (4th Cir. 2012). "Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." Id. For example, "post-DLI medical evidence generally is admissible in an SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre-DLI condition." Id. at 341. By contrast, post-DLI medical evidence may not be relevant where there is "no objective medical evidence that the impairments observed [post-DLI] existed prior to [DLI]." Johnson, 434 F.3d at 656. Accordingly, the ALJ applied the correct legal standard in considering whether plaintiff's post-May 2009 records were relevant to the period prior to her DLI.

As for support in the record, substantial evidence supported the ALJ's determination that medical records post-dating plaintiff's May 2009 fall were not relevant to plaintiff's claimed period of disability. On the one hand, examinations after May 2009 reflect a worsening of symptoms after

plaintiff slipped and fell in the shower. (See, e.g., Tr. 376, 374, 370). On the other hand, examinations prior to December 31, 2008, reflect that plaintiff had a functional capacity consistent with that determined by the ALJ in the decision. For example, treatment notes in 2008 by providers, including Ms. Christensen, report consistently that plaintiff had a quality of life scale of 9/10, reflecting 8 hours daily activity and taking part in family life, as well as physical examination findings demonstrating the extent of her functional capacity, all while plaintiff continued some work as a house cleaner at a medium level of exertion. (See, e.g., Tr. 388, 392-395, 397, 399, 401).

Furthermore, the 2011 opinion of Dr. Melin is not relevant because it is limited to a conditional prediction of plaintiff's future ability to return back to work. In particular, Dr. Melin opines "I feel *it is likely* [plaintiff] *will not be able to* return back to gainful employment," (Tr. 723) (emphasis added), thus himself limiting his prediction to plaintiff's future work ability. At the same time, Dr. Melin expressly reserves consideration of a functional capacity evaluation, making it contingent also upon ensuring that his notes are "concomitant with Ms. Erica Christensen's." (Id.). Thus, substantial evidence supports the ALJ's determination that medical records after May, 2009, which include Dr. Melin's opinion in 2011, are not relevant to determination of disability during 2008.

Plaintiff suggests, consistent with the discussion in the M&R, that the court cannot provide specific reasons for discounting Dr. Melin's opinion, where the ALJ did not do so in her decision. As an initial matter, however, the ALJ was not required to specifically discuss Dr. Melin's opinion because it was not "relevant" or "obviously probative." Murphy, 810 F.2d at 437; Gordon, 725 F.2d at 236; see Rivera v. Colvin, 5:11-CV-569-FL, 2013 WL 2433515 *4 (E.D.N.C. June 4, 2013) (holding that failure to explain weight given to treating physician's medical opinion did not require

remand where opinion was not probative because it preceded claimed period of disability and was separated in time by a "discrete injurious event").

In any event, the ALJ's discussion of the post-May 2009 evidence sufficiently explained the basis for discounting that evidence, which included Dr. Melin's opinion, to enable the court to understand the manner in which the ALJ considered Dr. Melin's opinion. See Reid v. Comm'r of Soc. Sec., ___ F.3d ___, 2014 WL 4555249 *3 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."); Smith v. Colvin, 5:12-CV-311-FL, 2014 WL 25573 *8 (E.D.N.C. Jan. 2, 2014) (holding that level of detail provided in ALJ is adequate "as long as there is sufficient development of the record and explanation of the findings to permit meaningful review").

Moreover, where there are multiple reasons for discounting Dr. Melin's opinion as set forth above, remand for further explanation would be fruitless. "[I]f the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." Bishop v. Comm'r of Soc. Sec., ___ Fed. Appx. ___, 2014 WL 4347190 *2 (4th Cir. Sept. 3, 2014). In light of the ALJ's determination, supported by substantial evidence, that the post-May 2009 evidence was not relevant to the disability determination under review, remand for specific discussion of Dr. Melin's opinion is not warranted.

2. Plaintiff's additional claims

The magistrate judge determined that the ALJ properly evaluated the opinion of plaintiff's primary care physician, Dr. Thomas, and that there was no reversible error in failing to specifically discuss the credibility and weight that the ALJ gave to testimony by plaintiff's husband. Upon careful review of the record, where no objection to these conclusions has been raised, the court adopts these conclusions of the magistrate judge and incorporates herein the corresponding

discussion of plaintiff's claims, (see M&R 14-18), with one exception. In particular, the court declines to adopt the alternative determination in the M&R that "in light of the court's remand regarding Dr. Melin's opinion, which may support Dr. Thomas' opinion, the ALJ may reconsider its treatment of Dr. Thomas' opinion as necessary." (M&R at 16).

Plaintiff suggests in the same vein, that Dr. Melin's opinion should have been considered further support for Dr. Thomas' opinion. For the reasons discussed above, however, Dr. Melin's opinion was not relevant. Moreover, the ALJ used similar reasoning in giving little weight to Dr. Thomas' opinion that the ALJ used in finding not relevant plaintiff's post-DLI medical records. For example, the ALJ did not give weight to Dr. Thomas' medical source statement because it was "not supported by his own treatment notes . . . *for the period in question*." (Tr. 18) (emphasis added). The ALJ also observed that Dr. Thomas' opinion was not supported by the findings of the providers who saw plaintiff "on a regular basis *during the period in question*." (Tr. 19) (emphasis added). Indeed, the issue of timing and comparison to treatment records generated during 2008 is a repeated theme at multiple points in the ALJ's discussion, culminating in the paragraph addressing post-DLI medical records. (See Tr. 18-19). Where Dr. Melin's opinion suffers from some of the same deficiencies as Dr. Thomas' opinion, because it does not relate to plaintiff's functional capacity during the period in question, the ALJ's failure to mention specifically Dr. Melin's opinion does not undermine the assessment of Dr. Thomas' opinion.

In sum, where the findings of the ALJ are "supported by substantial evidence and were reached through application of the correct legal standard," Craig, 76 F.3d at 589, this court must uphold the decision of the Commissioner to deny benefits for the period between January 1, 2008 and December 31, 2008.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the M&R to which specific objections have been filed, and upon considered review of the record and those portions of the M&R to which no such objection has been made, the court adopts in part the analysis of the magistrate judge as stated herein, declines to adopt the ultimate recommendation of the magistrate judge, and UPHOLDS the Commissioner's denial of benefits. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, and defendant's motion for judgment on the pleadings is GRANTED. The clerk is directed to close this case.

SO ORDERED, this the 22nd day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge